**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| William Floyd Smith,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>　　　　　Respondents. | No. CV-04-0573-PHX-FJM<br><br>**ORDER** |

The court has before it petitioner's amended petition for writ of habeas corpus (doc. 30), respondents' answers (docs. 33, 49), petitioner's replies (doc. 44, 54), the Report and Recommendation of the United States Magistrate Judge (doc. 55), and petitioner's objections (doc. 59). After de novo consideration of the issues, we accept the recommended decision of the United States Magistrate Judge pursuant to Rule 8(b), Rules Governing § 2254 Cases.

Petitioner was accused of slipping the drug Halcion into his fifteen-year-old employee's drink. He was convicted of "[a]dministering a dangerous drug to another person" in violation of A.R.S. § 13-3407(A)(5). In his first claim for relief, petitioner contends that his right to due process under the Fourteenth Amendment was violated when the trial court failed to instruct the jury on A.R.S. § 13-1205(A), which also prohibits the administration of a dangerous drug to another person, but contains an additional element that the drug be administered without the person's consent. Alternatively, he argues that the trial court erred

1  in failing to imply an element of consent in § 13-3407(A)(5). We agree with the magistrate
2  judge that neither the clear language of § 13-3407(A)(5), nor its legislative history, contains
3  an element of consent. Nor is there a conflict between § 13-3407(A)(5) and § 13-1205(A).
4  The trial judge did not err in denying petitioner's request to instruct the jury on § 13-1205(A)
5  because that statute contains an additional element and thus is not a lesser included offense
6  of § 13-3407(A)(5). In sum, we adopt the recommendation of the magistrate judge denying
7  petitioner's first claim for relief with prejudice.

8  In his second claim for relief, petitioner asserts that his right to due process under the
9  Fourteenth Amendment was violated when the trial court issued a reasonable doubt
10 instruction derived from State v. Portillo, 182 Ariz. 592, 596, 898 P.2d 970, 974 (1995). We
11 accept the magistrate judge's conclusion that the use of the Portillo instruction was not
12 contrary to clearly established federal law, and accordingly deny petitioner's second claim
13 for relief with prejudice. See 28 U.S.C. § 2254(d)(1).

14 Petitioner's third claim for relief alleges a violation of his Sixth Amendment right of
15 confrontation when the trial court admitted statements by the victim's treating physician
16 without an opportunity to cross-examine him. In his treatment notes, the physician stated
17 "[t]he urine drug screen, however, was positive for Benzodiazepines, confirming suspicion
18 that she had 'indeed' been slipped some sort of drug in the sparkling cider." Amended
19 Petition at 7 (doc. 30). The magistrate judge concluded that there was no Confrontation
20 Clause violation because the physician's statements were not testimonial, and alternatively
21 were admissible pursuant to the business records, Fed. R. Evid. 803(6), and medical records,
22 Fed. R. Evid. 803(4), exceptions to the hearsay rule. The Magistrate Judge also concluded
23 that even if the facts presented a Confrontation Clause violation, petitioner failed to
24 demonstrate that the physician's statements produced a "substantial and injurious effect or
25 influence in determining the jury's verdict." Morales v. Woodford, 388 F.3d 1159, 1180 (9th
26 Cir. 2004). The Magistrate Judge concluded that "the evidence presented at trial supported
27 the jury's guilty verdict." Report and Recommendation at 20 n.17. We agree with the
28 Magistrate Judge's recommendation to deny petitioner's third claim for relief with prejudice.

Petitioner concedes that his fourth claim for relief is procedurally defaulted. Petitioner's Objections at 14. Therefore, we deny this claim with prejudice.

Finally, petitioner contends that he was denied his constitutional right to effective assistance of counsel due to trial counsel's failure to object on "foundational grounds" to the admission of the victim's medical records, including the statement by the victim's treating physician that "she had 'indeed' been slipped some sort of drug in the sparkling cider." The Magistrate Judge concluded that petitioner failed to demonstrate either prong of the standard set forth in Strickland v. Wahington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064-65 (1984). First, counsel's performance did not fall below an objective standard of reasonableness where he fought vigorously to exclude the victim's medical records. Second, even assuming counsel should have objected to the physician's statement on foundational grounds, petitioner cannot show prejudice because the overwhelming evidence of guilt sufficiently supported the jury's verdict. We agree and accordingly accept the recommendation to deny petitioner's fifth claim for relief with prejudice.

Based on the foregoing, the court accepts the recommendation of the United States Magistrate Judge (doc. 55). Therefore, **IT IS ORDERED DENYING** petitioner's amended petition for writ of habeas corpus (doc. 30).

DATED this 30th day of August, 2006.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge